## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**VICTOR CONCEPCION, on his own
behalf and on behalf of those similarly
situated,**

   **Plaintiff,**

         **CASE NO.:**

vs.

**FLEET TRANSPORTERS OF
FLORIDA, INC., a Florida Profit
Corporation,**

   **Defendant.**      /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, VICTOR CONCEPCION ("Plaintiff"), on his own behalf and on behalf of those similarly situated, was an employee of Defendant, FLEET TRANSPORTERS OF FLORIDA, INC., ("FLEET" or "Defendant"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1.  Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §§ 206 (a) and 207(a).

2.  The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3.     Section 6(a) of the FLSA requires payment of at least the statutory minimum wage for all hours worked per workweek. 29 U.S.C. § 206(a).

4.     Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

5.     The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

6.     To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

7.     Defendant has violated and continues to violate the FLSA and the Florida Constitution by misclassifying its Drivers as "independent contractors" and refusing to pay them overtime and the minimum wage.

8.     Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."[1]

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

9.  Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

10.  Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

11.  Defendant's misclassification of Plaintiff and other similarly-situated workers puts law-abiding companies at a competitive disadvantage.[3]

12.  The Defendant in this case violated the FLSA and the Florida Constitution.by failing to pay Plaintiff and other similarly-situated "Driver" the statutory minimum wage per week and/or time and one-half compensation for all of their hours worked over forty (40) each week.

13.  This action is intended to include each and every "Driver" classified by Defendant as an "independent contractor" who performed services for Defendant at any time within the past five (5) years.

14.  Defendant violated the FLSA by failing to pay class members that were employed in Florida at any time within the past three (3) years at least the full minimum wage for all hours worked and at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week during one or more workweeks pursuant to the FLSA.

---

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

[3] *See supra* note 2 at pg. 21.

## PARTIES

15.     Plaintiff, and those similarly situated individuals ("class members"), were Drivers classified as "independent contractors" and paid on per job basis, also described as a "Piece Rate" for services performed for Defendant.

16.     At all times material hereto, FLEET was a Florida Profit Corporation employing workers and doing business throughout the state of Florida.

17.     FLEET is a third-party transport servicer in the business of providing vehicle transport services throughout the state of Florida on behalf of its car rental company customers.

18.     All of the events, acts and omissions that give rise to this lawsuit occurred within the state of Florida.

19.     At all times relevant hereto, Defendant recruited non-exempt drivers, like Plaintiff and those similarly situated to Plaintiff, to work in the state of Florida.

20.     The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as :

> **(1) All persons who worked for Defendant as Drivers within Florida during the three (3) years preceding this lawsuit, who were classified as independent contractors and who were not compensated at time-and-one-half of their regular hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks and/or who were not compensated the statutory minimum wage for all hours worked per week during one or more workweeks.**

The precise size and identity of the FLSA class should be ascertainable from the business records, tax records, and/or employee personnel records of Defendant.

## COVERAGE

21.     At all material times hereto, Defendant was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

22.     At all material times hereto, Defendant was, and continues to be an "employer" as defined by 29 U.S.C. § 203(d).

23.     Based upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

24.     At all material times hereto, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two (2) or more employees:

   a.  Engaged in commerce; or

   b.  Engaged in the production of goods for commerce; or

   c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, telephones, tools, equipment and/or office supplies).

## FACTUAL ALLEGATIONS

25.     Defendant is, among other things, a third-party transport servicer that hires "Drivers" to provide transport services for Defendant's customers to include national rental car companies such as Hertz and Enterprise within the state of Florida alone.

26.     Specifically, Defendant facilitates the transporting of rental vehicles from low demand areas to high demand areas or simply where more vehicles are needed. Most notably, Defendant transports rental vehicles from major airports to local retail car rental stores. However, all rental vehicles are transported within the state of Florida alone.

27.     At all times material hereto, Plaintiff was employed by Defendant within the meaning of the FLSA.

28.     Plaintiff was hired by Defendant in Orlando, Florida to perform duties as a driver throughout the state of Florida.

29.     Plaintiff worked in this capacity from November 5th, 2012 to approximately April 2019.

30.     Plaintiff and those similarly situated to him performed driver duties on behalf of Defendant and were paid directly by Defendant.

31.     At all times material hereto, Defendant determined the nature and amount of Plaintiff's and those similarly situated employees' pay.

32.     Plaintiff and those similarly situated did not have the ability to negotiate his/their rate(s) of pay.

33.     Plaintiff and those similarly situated did not negotiate his/their rate(s) of pay.

34.     Plaintiff's and those similarly situated rate(s) of pay was/were preset by Defendant.

35.     Defendant classified Plaintiff and those similarly situated to him as "independent contractors."

36.     Defendant recruited other Drivers and classified these workers as independent contractors.

37.     Each of the Drivers, including Plaintiff, was paid a Piece Rate per job for work performed.

38.     Plaintiff and those similarly situated to him were paid piece rate based on vehicle transport jobs they performed each day.

39.     Defendant provided Plaintiff and other similarly situated Drivers with the tools and equipment needed to perform their work (i.e. vehicles, keys for the vehicles, money to refill gas tanks, transport paperwork, etc.).

40.     Defendant trained Plaintiff and other similarly situated Drivers.

41.     Plaintiff's and other similarly situated drivers' job did not require any specialized skills other than those which were taught to him/them during Defendant's initial training session(s).

42.     Plaintiff and those similarly situated Drivers regularly communicated with Defendant's dispatchers and/or management during the performance of his/their duties each day.

43.     Plaintiff and those similarly situated Drivers were/are required to notify Defendant's dispatchers and/or management whenever he/they completed job assignments.

44.     Plaintiff and those similarly situated Drivers did not have discretion with respect to the performance of his/their job assignments.

45.     Defendant required Plaintiff and those similarly situated Drivers to complete paperwork on a daily basis regarding work performed.

46.     Plaintiff and those similarly situated Drivers could not refuse work offered by Defendant once they began performing duties for the day.

47.     Plaintiff and those similarly situated were unaware of how long each shift would be until they showed up for work that same day and received routes.

48.     Defendant monitored and critiqued the work of Plaintiff and those similarly situated Drivers. Specifically, Defendant would routinely comment that the Plaintiff and those similarly situated Drivers needed to complete routes quicker.

49.     Defendant informed Plaintiff and other those similarly situated Drivers if they were not performing their job duties according to applicable standards.

50.     Plaintiff and other similarly situated Drivers were closely supervised by Defendant.

51.     The work performed by Plaintiff and the other similarly situated Drivers was integral to Defendant's business because Defendant was paid by its customers for the services provided by Plaintiff and other similarly situated Drivers.

52.     Plaintiff and the other similarly situated Drivers could not employ their own workers to perform their work.

53.     Defendant controlled the work schedule of Plaintiff and the similarly situated Drivers.

54.     Plaintiff, and those similarly situated to him, are/were economically dependent upon the compensation they received for their exclusive work performed for FLEET.

55.     Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

56.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

57.     Defendant also failed to pay Plaintiff, and those similarly situated to him, the statutory minimum wage per workweek.

58.     Defendant has misclassified Plaintiff and those similarly situated Drivers as "independent contractors" and failed to pay him/them proper overtime compensation for all overtime hours worked each week and/or proper minimum wages each week.

59.     Defendant had numerous other individuals employed as Drivers who performed the same or similar job duties under the same pay provisions as Plaintiff and the class member's companywide.

## COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff and the class members performed the same or similar job duties as one another in that they performed duties as Drivers on behalf of Defendant.

61.     Plaintiff and the class members were all hired by Defendant to perform driver duties.

62.     Plaintiff and all class members worked in the State of Florida.

63.     Plaintiff and the class members were all paid a "Piece Rate" per job performed.

64.     Plaintiff and the class members worked similar hours and usually worked more than forty (40) hours per week.

65.     Plaintiff and the class members were all classified by Defendant as independent contractors.

66.     Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.  Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

67.     Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at least the statutory minimum wage per workweek during one or more workweeks.  Thus, the class members are owed minimum wages for the same reasons as Plaintiff.

68.     Defendant's failure to compensate Plaintiff and the class members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of misclassifying these workers as independent contractors and failing to pay them overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

69.     Defendant's failure to compensate Plaintiff and the class members proper minimum wages as required by the FLSA and the Florida Constitution results from a policy or practice of misclassifying these workers as independent contractors and failing to pay them overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

70.     These policies or practices were applicable to Plaintiff and the class members.

71.     Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime and/or minimum wages to Plaintiff applies to all class members.

72.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and/or minimum wage compensation with respect to Plaintiff and the class members.

73.     Defendant knew that Plaintiff and those similarly situated Drivers should have been classified as employees and that it was required to pay Plaintiff and other class members overtime pay for all overtime hours they worked each workweek, yet Defendant failed to do so.

74.     Defendant knew that Plaintiff and the other class members should have been classified as employees and that it was required to pay Plaintiff and those similarly situated proper minimum wages, yet Defendant failed to do so.

75.     Defendant failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

76.     Defendant failed to maintain accurate time and pay records with regard to work performed by the class members regarding how many hours in each workday are worked.

77.     Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the hours allegedly worked by him/them.

78.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

79.     Defendant did not have any good faith basis for its decision to misclassify Plaintiff and the class members as independent contractors.

80.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

81.     Plaintiff has satisfied all conditions precedent to the filing of this lawsuit.

## COUNT I - RECOVERY OF MINIMUM WAGES

82.      Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-81 above.

83.     Plaintiff and the class members are entitled to be paid the proper statutory minimum wage for each hour worked per workweek.

84.     Plaintiff and the class members are entitled to receive the full statutory Florida minimum wage rate for all hours worked per workweek during their employment with Defendant. *See* 29 U.S.C. §218(a); 29 C.F.R. §541.4 and 29 C.F.R. §778.5.

85.     Defendant paid Plaintiff and the class members a "Piece Rate" per job regardless of the number of hours worked.

86.     As a result, Plaintiff, and those similarly situated to him, did not earn at least the statutory minimum wage for all hours worked per week during one or more workweeks contrary to 29 U.S.C. §206 of the FLSA.

87.     Defendant willfully failed to pay minimum wage compensation for these hours contrary to 29 U.S.C. §206.

88.     Defendant has failed to properly disclose or apprise Plaintiff and the class members of their rights under the FLSA.

89.     As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff and the class members has/have been damaged in the loss of minimum wages.

90.     As a result of Defendant's willful violation of the FLSA, Plaintiff and the class members are entitled to liquidated damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated drivers respectfully requests that this Court grant the following relief:

      a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and

appointing Plaintiff and his counsel to represent the Collective Action members;

b. Awarding Plaintiff, and those similarly situated to him, his/their unpaid minimum wages;

c. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

d. Awarding reasonable attorney's fees, expert fees, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

e. Ordering any other further relief the Court deems just and proper.

## **COUNT II- RECOVERY OF OVERTIME COMPENSATION**

91. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-81 above.

92. Plaintiff and the class members are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

93. During his/their employment with Defendant, Plaintiff and the class members regularly worked overtime hours, but was/were not paid time and one-half compensation for same.

94. As a result, Plaintiff and the class members did not earn proper overtime compensation for all hours worked in excess of forty (40) hours per week during one or more workweeks contrary to 29 U.S.C. §207 of the FLSA.

95. Defendant willfully failed to pay overtime compensation for these hours contrary to 29 U.S.C. §207.

96. Defendant has failed to properly disclose or apprise Plaintiff and the class members of their rights under the FLSA.

97.    As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff and the class members time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff and the class members has/have suffered damages, plus incurring reasonable attorneys' fees and costs.

98.    As a result of Defendant's willful violation of the FLSA, Plaintiff and the class members is/are entitled to liquidated damages.

99.    Plaintiff and the class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated Drivers respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

    a.  Awarding Plaintiff, and those similarly situated to him, his/their unpaid overtime wages;

    b.  Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c.  Awarding reasonable attorney's fees, expert fees, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d.  Ordering any other further relief the Court deems just and proper.

Dated: November __15__, 2019

      Respectfully submitted by,

 

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com

AND

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.: 025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com

*Trial Counsel for Plaintiff and Class Members*